```
              IN THE UNITED STATES DISTRICT COURT
           FOR THE EASTERN DISTRICT OF PENNSYLVANIA

SAMUEL MALLETTE                    :    CIVIL ACTION
                                   :
         v.                        :
                                   :
U.S. SECURITY ASSOCIATES, INC.     :    NO. 07-3642
```

MEMORANDUM

Bartle, C.J.                                          November 12, 2008

Plaintiff Samuel Mallette[1] has sued his former employer U.S. Security Associates, Inc. d/b/a U.S. Security Associates ("USSA"), a corporation that provides security guards and related services.  Mallette asserts a claim for wrongful termination as a security guard under the Pennsylvania common law public policy exception to the doctrine of at-will employment.  He also alleges that USSA failed to compensate him properly for overtime under the Fair Labor Standards Act, 29 U.S.C. §§ 201 et seq. and the Pennsylvania Wage Payment and Collection Law, 43 Pa. Cons. Stat. §§ 260.1 et seq.  He seeks an injunction and compensatory and punitive damages.

Mallette has moved for summary judgment on his wrongful termination claim and USSA has moved for summary judgment on all claims.

---

1. Although Mallette's signature on certain documents submitted to this court as exhibits indicates that his name is spelled "Malette," his pleadings and motions use the spelling "Mallette." We will therefore retain this latter spelling.

Rule 56 of the Federal Rules of Civil Procedure provides that summary judgment "should be rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(c).  The United States Supreme Court has explained that "the mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986) (emphasis in original).  A factual dispute is material where it could "affect the outcome of the suit under governing law."  Id. at 248.  Whether a dispute regarding a material fact is genuine depends on whether "the evidence is such that a reasonable jury could return a verdict for the nonmoving party."  Id.

I.

We first consider the parties' cross motions for summary judgment on the wrongful termination claim.  The following facts are undisputed unless otherwise noted.

USSA hired Mallette as an at-will employee on May 30, 2007 and assigned him to work as a security guard at St. Christopher's Hospital for Children in Philadelphia ("St. Christopher's").  Unbeknownst to USSA, Mallette had been involved in an altercation with his fiancé's ex-boyfriend which had led to charges of aggravated assault, criminal conspiracy, possession of

an instrument of crime, terroristic threats, simple assault, and recklessly endangering another person.  USSA permitted him to begin working before it received the results of his criminal background check.  While the parties disagree as to how long Mallette worked at St. Christopher's or when exactly USSA learned of the charges against him, they agree that within a few weeks or less he was suspended without pay because of the pending charges.

At some point, Mallette told USSA that the charges were about to be dismissed and USSA responded that in order to be reinstated he needed to present official documents verifying the dismissal.  After the charges were dropped and Mallette produced the appropriate records, USSA offered him work in February, 2008.  At that time Mallette had been employed by another security firm, but he accepted USSA's offer and was placed as a security guard at Hahnemann University Hospital ("Hahnemann").[2]  According to USSA, it removed Mallette from his position at Hahnemann in April, 2008 at Hahnemann's request because of his absences and profane outbursts.  USSA then offered Mallette other assignments, but he turned them down.  The facts regarding Mallette's subsequent jobs with USSA, however, are not relevant to the motions before us.  Mallette's claims for wrongful termination

---

2.  Mallette contends that USSA rejected the first set of documents he produced but admits that he was eventually rehired when USSA was satisfied that the charges were dismissed.  The facts surrounding Mallette's rehiring, however, are not material to his wrongful termination claim.

and overtime payments relate only to his removal from St. Christopher's.

Generally, there is no common law cause of action for termination of an at-will employee in Pennsylvania. Cisco v. United Parcel Servs., Inc., 476 A.2d 1340, 1341 (Pa. Super. 1984). "[O]nly in the most limited of circumstances where the termination implicates a clear mandate of public policy in this Commonwealth" may an at-will employee state a claim against his or her employer for wrongful termination. McLaughlin v. Gastrointestinal Specialists, Inc., 750 A.2d 283, 287 (Pa. 2000); see O'Neil v. Montgomery County Cmty. Coll., No. Civ. A. 05-5169, 2006 WL 3718013, at *2 (E.D. Pa. Dec. 13, 2006). Courts apply this public policy exception on a case-by-case basis. Cisco, 476 A.2d at 1342.

The public policy exception has been successfully asserted in only a few circumstances. Pyles v. City of Phila., No. Civ. A. 05-1769, 2006 WL 3613797, at *7 (E.D. Pa. Dec. 8, 2006). It has been applied where an employee was terminated for performing jury service, for having a criminal record even though the employee had received a pardon, and for reporting his employer's violation of nuclear safety laws. Krajsa v. Keypunch, Inc., 622 A.2d 355, 359 (Pa. Super. 1993) (citing Field v. Phila. Elec. Co., 565 A.2d 1170 (Pa. Super. 1989); Hunter v. Port Auth. of Allegheny County, 419 A.2d 631 (1980); and Reuther v. Fowler & Williams, Inc., 386 A.2d 119 (Pa. Super. 1978)). As our Court of Appeals has observed, "Absent a violation of law, it is difficult

for an at-will employee seeking recovery for wrongful discharge to point to a common law, legislative or constitutional principle from which a clear public policy exception to Pennsylvania's doctrine of at-will employment could be inferred."  Clark v. Modern Group Ltd., 9 F.3d 321, 328 (3d Cir. 1993).

Mallette rests his claim for wrongful discharge on what he describes as a "strong public policy against using criminal records which fall short of a conviction in employment decisions."  Pl.'s Mot. for Summ. J. at 8.  In so arguing, he points to the presumption of innocence that exists in our criminal judicial system.  He relies on 18 Pa. Cons. Stat. § 9125 which states:  "Felony and misdemeanor convictions may be considered by the employer only to the extent to which they relate to the applicant's suitability for employment in the position for which he has applied."  Mallette argues that § 9125 evinces a public policy of the Commonwealth that precludes employers from using something less than a conviction, that is, an arrest, in making employment decisions.

The Superior Court of Pennsylvania considered this same issue in Cisco v. United Parcel Services, Inc., 476 A.2d 1340 (Pa. Super. 1984).  Cisco was an at-will employee of United Parcel Service ("U.P.S.") who was charged with theft and trespass for an incident that allegedly occurred while he was making a delivery.  Id. at 1341.  Prior to his acquittal, U.P.S. forced him to resign because of the charges.  Id.  Like Mallette, Cisco urged that a criminal defendant's right to a presumption of

innocence was a public policy implicated by his case and that it precluded U.P.S. from firing him because of his criminal charges. Id. at 1343.  Cisco, like Mallette here, relied on § 9125.  See id.

The court in Cisco acknowledged that "it may be reasonably surmised [from § 9125] that any experience with the criminal justice system which falls short of a conviction is not fair consideration by an employer considering hiring an individual with that experience.... We may assume that this principle is an expression of public policy."  Id.  The court concluded, however, that § 9125 did not protect Cisco from termination under the public policy exception.  Id. at 1343-44. In affirming the dismissal of the complaint, it stressed that the mere arrest of a delivery person could jeopardize the reputation and business activities of U.P.S.  Id. at 1344.  Cisco failed to meet the requirements of the public policy exception because U.P.S had a "plausible and legitimate reason" for discharging him, even though he was ultimately acquitted.  Id.

In this diversity action we must predict how the Pennsylvania Supreme Court would rule on the issue before us. See Erie R.R. Co. v. Tompkins, 304 U.S. 64, 78 (1938).  The standard Mallette must meet is an onerous one.  The public policy exception to at-will employment requires "a clear mandate of public policy" and is rarely applied.  McLaughlin, 750 A.2d at 287.

It is undisputed that USSA considers arrest records in its employment decisions on a case-by-case basis depending on where an employee is assigned to work. Lancieri Dep. at 84, 95; Peco Dep. at 35. Mallette was hired to work as a security guard at St. Christopher's, a children's hospital, where he came into constant contact with young patients and the families of those patients. As such, the safety and welfare of many individuals rested in his hands. Mallette described his work as follows:

> It's a lot. We used to transport, transport dead children. We used to – they used to have me in the ER.... the ER can get crazy, because people can either lose somebody, somebody could die, or somebody's really sick.... [Y]ou got parents and family members coming in hysterical, and you got to be the person ... to calm them down, at the same time, be understanding to them.... I used to make rounds, walk around, do my checkpoints, making sure all the visitors is out at the proper times and doing my one on ones. One on ones is basically babysitting the people that's ... mentally, you know.

Mallette Dep. at 52-53. Under the circumstances, USSA acted reasonably in suspending Mallette without pay when it learned that he had multiple violent charges pending against him, some of which were felonies.

Additionally, the Private Detective Act, to which USSA is subject, prohibits a private security firm from knowingly employing "in any capacity whatsoever, any person who has been convicted of ... any of the following offenses ... (1) illegally using, carrying or possessing a pistol or other dangerous weapon; ... (10) recklessly endangering another person; (11) terroristic

threats; or (12) committing simple assault." 22 Pa. Cons. Stat. § 23(a). These were the very charges brought against Mallette. While this statute did not control USSA's decisions with respect to Mallette because he was not convicted of any crime, it does underscore the legitimacy of USSA's concern in employing hm before his charges were resolved. Finally, we note that USSA reinstated Mallette after the charges were dismissed.

We conclude that the Pennsylvania Supreme Court would decide that a plausible and legitimate reason existed for Mallette's suspension without pay while serious criminal charges were pending against him and that USSA did not violate any clearly mandated Pennsylvania public policy. We will therefore deny Mallette's motion for summary judgment and grant USSA's motion for summary judgment on the wrongful termination claim.

II.

We next turn to USSA's motion for summary judgment on Mallette's claims for overtime payments. He states claims under the Fair Labor Standards Act, which regulates labor conditions and standards in the United States, and under the Pennsylvania Wage Payment and Collection Law, which allows employees to recover wages and other benefits due to them pursuant to an agreement with their employer. See 29 U.S.C. § 202; 43 Pa. Cons. Stat. §§ 260.1 et seq.; Killian v. McCulloch, 850 F. Supp. 1239, 1255 (E.D. Pa. 1994).

Under the Fair Labor Standards Act employers must pay employees who work in commerce certain minimum weekly wages and

-8-

they must pay overtime wages of one-and-one-half times the regular rate for time worked in excess of forty hours per week. 29 U.S.C. §§ 206, 207(a)(1).  Under the Pennsylvania Wage Payment and Collection Law employers must pay employees their earned wages on regular, previously determined paydays.  43 Pa. Cons. Stat. § 260.3(a).  In the case of a wage dispute, the employer must give the employee written notice of the amount it concedes to be due.  43 Pa. Cons. Stat. § 260.6.  Any employee to whom any wages are due and unpaid may institute an action under the Pennsylvania Wage Payment and Collection Law.  43 Pa. Cons. Stat. § 260.9a(a).

       The parties disagree as to how long Mallette worked for USSA before being suspended and how much he was paid for his work.  Mallette stated in his complaint that he worked for USSA at St. Christopher's for "approximately one (1) week" and that he was owed overtime for that week. Compl. at 3.  He testified at his deposition that he accumulated at least three weeks before being suspended and that he worked at least thirty hours of overtime per week.  Mallette Dep. at 36-37, 44-46, 49.  USSA counters that Mallette worked one week only and that he was paid appropriately.  We find that a genuine issue of material fact exists and will deny USSA's motion for summary judgment with respect to the overtime claim under both the Fair Labor Standards Act and the Pennsylvania Wage Payment and Collection Law.

```
             IN THE UNITED STATES DISTRICT COURT
          FOR THE EASTERN DISTRICT OF PENNSYLVANIA

SAMUEL MALLETTE                   :       CIVIL ACTION
                                  :
          v.                      :
                                  :
U.S. SECURITY ASSOCIATES, INC.    :       NO. 07-3642
```

ORDER

AND NOW, this 12th day of November, 2008, for the reasons set forth in the accompanying Memorandum, it is hereby ORDERED that:

    (1)  the motion of plaintiff Samuel Mallette for summary judgment is DENIED;

    (2)  the motion of defendant U.S. Security Associates, Inc. is GRANTED in part and DENIED in part;

    (3)  the motion of defendant is GRANTED with respect to plaintiff's common law wrongful termination claim; and

    (4)  the motion of defendant is DENIED with respect to the claim of plaintiff for overtime payments under the Fair Labor Standards Act, 29 U.S.C. §§ 201 et seq., and the Pennsylvania Wage Payment and Collection Law, 43 Pa. Cons. Stat. §§ 260.1 et seq.

                                            BY THE COURT:

                                            /s/ Harvey Bartle III
                                                                           C.J.